of another may be enforced against him without making that other a party defendant.

It follows that the judgments and orders appealed from should be affirmed, with costs.

---

(17 Misc. Rep. 282)

COYLE v. THIRD AVE. R. CO.

(City Court of New York, General Term. June 30, 1896.)

1. NEGLIGENCE—EVIDENCE—ATTENDING CIRCUMSTANCES.

In an action for injuries received by collision with defendant's street car at crossing, alleged to have been caused by defendant's negligence, plaintiff may show, as a circumstance bearing on the question of negligence, that the bell on the car was not rung as it approached the crossing, though plaintiff does not allege that the negligence consisted in the omission to ring the bell, or give warning of the approach of the car.

2. STREET CARS—INJURIES TO PERSONS ON TRACK.

It is a question for the jury whether it is negligent for a person to attempt to drive across a street-car track 20 feet in front of an approaching car.

Appeal from trial term.

Action by Hugh Coyle against the Third Avenue Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and O'DWYER, J.

Henry L. Scheuerman and Eugene Treadwell, for appellant.

M. P. O'Connor, for respondent.

O'DWYER, J. This action is brought to recover damages for personal injuries received by the plaintiff through the alleged negligence of the defendant. The complaint shows:

"That at the city of New York, on the 4th day of August, 1894, the plaintiff was traveling with a wagon and team of horses westerly along a certain highway, known as 'Fifteenth Street,' which highway crosses the tracks of the defendant's railroad at Third avenue; and, as the plaintiff reached said crossing, the defendant, through one of its servants, caused one of its cable cars to approach said crossing, and pass rapidly over the tracks of said railroad, and negligently, carelessly, and recklessly omitted, while so approaching said crossing, to give any warning, by bell or otherwise, by reason whereof the plaintiff was unaware of its approach; and by reason of said negligence, and without any fault or negligence of the plaintiff, the said cable car struck said wagon, and threw the plaintiff with great violence to the ground, dislocating his hip bone, and causing a serious contusion thereof."

The defendant, at the close of the plaintiff's case, and again at the close of the trial, moved for a dismissal of the complaint, on the ground of failure of proof of any negligence as alleged in the complaint, also of contributory negligence on the part of the plaintiff, and want of negligence on the part of the defendant, which motion was denied, and exceptions taken. It is now claimed that the trial court erred in denying these motions.

The manner in which the accident happened is substantially as follows: On August 4, 1894, plaintiff was in the employ of one

Ritchie, as a driver, and on that day was driving a wagon for his employer, which wagon was loaded with three tons of stone, and was drawn by two horses. The wagon itself weighed a ton. Plaintiff had with him an assistant, who was on the wagon with him, and they were going to deliver this stone at the corner of Washington and Charles streets, in the city of New York. After having left his employer's place of business, it was necessary for the plaintiff to cross the defendant's track on Third avenue, to get to the West Side. He came through Fifteenth street until he reached Third avenue, where he observed a car passing uptown. He pulled up his horses, to let that car pass. After it had passed, plaintiff, before crossing the tracks, looked up and down the avenue, and saw another car down at Fourteenth street, about a block away or thereabouts, bound uptown. He then started to cross the tracks of the defendant. The tracks on which cars run uptown were the first to be crossed by him; and when he started to cross that track, and when his horses were crossing the tracks, and a part of his wagon was on the track, the car which was at Fourteenth street was then 100 feet down the block. The weight of the truck and load was so great that the horses could not go faster than a walk. Plaintiff urged his horses with his lines, as he had no whip, and tried to get across the track, so as to prevent the car from hitting him; and he held up his hand at the gripman, and hallooed to him at the same time, for him to stop, but he did not do so. The car came along, and struck the wagon on the hind wheel with such a force that it pushed the wagon (weighing one ton, with its load of three tons) so as to break the hind wheel on the north side of the wagon, and cause the wagon to fall over, and to dump the load. Plaintiff testified that no bell was rung, nor any warning given him of the approach of the car. The force of the blow was of such a character as to throw the plaintiff from his seat on the wagon, by which he received injuries.

Defendant insists that there was an absolute failure to prove the negligence as alleged in the complaint. If the plaintiff clearly shows that the action is one for negligence, and also the thing the management of which, or the act the performance of which, gave rise to or was the occasion of the negligence, then all the circumstances descriptive of the situation and the action are admissible; and the admission in evidence of the circumstances affords no ground for the claim that the plaintiff has recovered upon a different cause of action from that presented by the complaint. The gravamen of the action is negligence. The plaintiff's evidence was that the bell was not rung, and the defendant's evidence was that it was rung, making this a question of fact; and the circumstances surrounding the accident were properly admissible for the purpose of showing that not ringing the bell was negligence. The plaintiff does not charge the negligence as consisting in the omission to ring the bell or give any warning whatever. What is alleged as the negligence and gravamen of this action is "that the defendant's servant negligently, carelessly, and recklessly omitted, while so approaching said crossing, to give any warning, by bell or otherwise." Whether the omission was negligent depended on the circumstances and con-

dition of the whole situation at the time of the accident; and evidence of those circumstances and conditions was competent to prove negligent omission to warn the plaintiff.

It is settled law in this state that all a person, in crossing a track of a railroad, is compelled to do, is to use a degree of care which an ordinarily careful and prudent man would have used under similar circumstances and conditions; and whether his acts were of such a character at the time in question as an ordinarily careful man would have adopted is generally a question to be determined by a jury. Where the acts are of such a character that different minds might differ as to whether they are or are not negligent, then the question becomes one of fact for the jury; and we think this case was properly left to the jury upon the question of defendant's negligence and plaintiff's freedom from contributory negligence.

Defendant requested the court to charge: "If the jury believed that the plaintiff drove upon the track, as testified to by the gripman, when the car was within twenty feet of him, going at the rate of speed at which, as the witnesses agreed, it was going, then it was contributory negligence, and the plaintiff cannot recover." The court charged the jury, in answer to this request, "that it is for them to say whether it was or was not negligence," and declined to so charge as a proposition of law, to which ruling the defendant excepted. The weight of authority in this state does not support the appellant in his contention, as in every case the negligence must, of necessity, be founded upon the conditions and circumstances surrounding the accident; and in the city of New York it cannot be said to be negligence, as matter of law, for a person in charge of a truck to attempt to cross the tracks when a surface car is distant but 20 feet. The other errors assigned do not require discussion.

The judgment and order appealed from should be affirmed, with costs.